# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

TERESA ROBINSON

**DEFENDANTS** COVE HAVEN PROPCO, LLC, ROCKPOINT GROUP, LLC, COVEN HAVEN, INC., and CAESAR'S WORLD INC.

(b) County of Residence of First Listed Plaintiff Westchester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Wayne
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Michael W. Landis, Esq., Lowenthal & Abrams
555 City Line Avenue, Suite 500, Bala Cynwyd, PA 19004
(610) 667-7511

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. Sec. 1332

Brief description of cause:
Premises Liability Upon Defendants' Property

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE
10/13/2016

SIGNATURE OF ATTORNEY OF RECORD
[signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TERESA ROBINSON<br>75 N. Washington Avenue<br>Hartsdale, New York 10530<br>Plaintiff<br><br>vs.<br><br>COVE HAVEN PROPCO, LLC, d/b/a, COVE HAVEN ENTERTAINMENT RESORT,<br>194 Lake Drive<br>Lakeville, Pennsylvania 18438<br><br>and<br><br>ROCKPOINT GROUP, LLC,<br>500 Boylston Street, Suite 1880<br>Boston, Massachusetts 02116<br><br>and<br><br>COVE HAVEN, INC.<br>1514 N. Scottsdale Road, Suite H210<br>Scottsdale, Arizona 85254<br><br>and<br><br>CAESAR'S WORLD INC., a/k/a CAESAR'S WORLD,<br>1801 Century Park East<br>Los Angeles, California 90067<br>Defendants | : | **Docket No. ____________________**<br><br>**CIVIL ACTION - LAW**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S COMPLAINT**

NOW COMES Plaintiff, Teresa Robinson, by and through her attorneys Lowenthal & Abrams, P.C., by Michael W. Landis, Esquire, and sets forth the following:

**THE PARTIES**

1. Plaintiff, Teresa Robinson (hereinafter referred to as "Plaintiff"), is an adult, competent individual, who resides at 75 N. Washington Avenue, in the Community of Hartsdale, within the Town of Greenburgh, State of New York, 10530 and who is a citizen of New York.

2. Defendant, Coven Haven Propco, LLC, d/b/a, Cove Haven Entertainment Resort, upon information and belief, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, is licensed to do business and, at all times material hereto, regularly conducted business in the Commonwealth of Pennsylvania, maintaining a place where it regularly conducts said business at 194 Lake Drive, Lakeville, Pennsylvania 18438 (hereinafter referred to as the "premises").

3. Defendant, Rockpoint Group, LLC, upon information and belief, is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, is licensed to do business and, at all times material hereto, regularly conducted business in the Commonwealth of Massachusetts, maintaining a place where it regularly conducts said business at 500 Boylston Street, Suite 1880, Boston, Massachusetts 02116, and upon the premises.

4. Defendant, Cove Haven, Inc., upon information and belief, is a corporation organized and existing under the laws of the State of Arizona, is licensed to do business and, at all times material hereto, regularly conducted business in the State of Arizona, maintaining a place where it regularly conducts said business at 1514 N. Scottsdale Road, Suite H210, Scottsdale, Arizona 85254, and upon the premises.

5. Defendant, Caesar's World Inc., a/k/a, Caesar's World upon information and belief, is a corporation organized and existing under the laws of the State of California, is licensed to do business and, at all times material hereto, regularly conducted business in the State of California, maintaining a place where it regularly conducts said business at 1801 Century Park East, Los Angeles, California 90067, and upon the premises.

## JURISDICTION / VENUE

6. The jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1332, Diversity of Citizenship, as Plaintiff, at all times material to this Complaint, has resided in, and at all time material hereto, is a citizen of New York, and all of the Defendants are citizens of and have a principal place of business in a state other than the state of New York. Specifically, Defendants are separately citizens of the Commonwealths of Pennsylvania and Massachusetts, and States of Arizona and California.

7. Also, pursuant to 28 U.S.C. § 1332, the amount in controversy herein is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs, as required for diversity jurisdiction.

8. The instant cause of action accrued within the Middle District of Pennsylvania and accordingly, venue over this cause of action properly lies within the United States District Court for the Middle District of Pennsylvania.

## THE INCIDENT

9. At all times material and relevant hereto, Defendants owned, operated, rented, leased, serviced, controlled, possessed, cleaned, inspected, repaired and/or maintained the property, premises and structures known as the Coven Haven Resort located at 194 Lake Drive, Lakeville, Pennsylvania 18438.

10. At all times material hereto, Defendant, Cove Haven Propco, LLC, owned, possessed, rented, leased, maintained, serviced, cleaned, controlled and/or operated the premises and structures located at 194 Lake Drive, Lakeville, Pennsylvania 18438.

11. At all times material hereto, Defendant, Rockpoint Group, LLC, owned, possessed, rented, leased, maintained, serviced, cleaned, controlled and/or operated the premises and structures located at 194 Lake Drive, Lakeville, Pennsylvania 18438.

12. At all times material hereto, Defendant, Cove Haven, Inc., owned, possessed, rented, leased,

maintained, serviced, cleaned, controlled and/or operated the premises and structures located at 194 Lake Drive, Lakeville, Pennsylvania 18438.

13. At all times material hereto, Defendant, Caesar's World Inc., owned, possessed, rented, leased, maintained, serviced, cleaned, controlled and/or operated the premises and structures located at 194 Lake Drive, Lakeville, Pennsylvania 18438.

14. At all times pertinent hereto, Defendants' business was owned, maintained, controlled, operated and supervised by Defendants individually and/or through their agents, servants, workers and employees.

15. All of the acts alleged to have been done or not to have been done by Defendants were done or not done by said Defendants, their agents, servants and/or employees, all of whom were acting within the course and scope of their authority with and on behalf of said defendants.

16. On or about March 9, 2015, Plaintiff was at all times pertinent hereto a paying guest and was lawfully upon the premises as a business invitee of Defendants at the aforesaid premises.

17. At all times material hereto, there existed a dangerous condition upon the property at the Defendants' premises and as more fully hereinafter set forth that dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and the Defendants, and each of them, had notice and/or could reasonably be charged with notice under the circumstances of the said dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

18. On or about March 9, 2015, at or about 11:00 a.m., Plaintiff was lawfully and properly walking upon the Defendants' walkway of the aforesaid premises when as a result of the negligence and/or carelessness of the Defendants, the Plaintiff slipped and fell on ice and snow that had accumulated upon the walkway on the premises thereby causing the serious and permanent injuries she sustained and which resulted in her severe and permanent injuries, hereinafter more fully set forth.

19. The accumulation of ice and snow on March 9, 2015, existed for such a period of time prior to March 9, 2015, that Defendants knew or should have known of its existence.

20. As a direct and proximate result of the aforementioned defective and/or dangerous conditions on the aforesaid premises maintained by Defendants, Plaintiff was caused to suddenly and violently fall.

21. At all times pertinent hereto, Defendants, upon information and belief, had notice of and knew about the dangerous and hazardous condition which existed on the walkway upon said property at the time of Plaintiffs fall and subsequent injuries.

22. As a direct and proximate result of the negligent and careless conduct of Defendants as will be set forth in further detail below, Plaintiff suffered serious, permanent and disabling injuries and damages upon falling including, but not limited to, the following:

a. Injuries to her head and face;

b. Injuries to her right knee;

c. Injuries to her left knee;

d. Injuries to her ankles;

e. Injuries to her legs;

f. Injuries to her mid and low back;

g. Cervical injury;

h. Spinal cord injury;

i. Injuries to her hands;

j. Permanent scarring and disfigurement;

k. Sleep disturbance;

l. Chronic pain;

m. Depression;

n. Traumatic injuries to her joints, bones, muscles, fibers and nerves of the body resulting in numbness and radiating pains;

o. Any and all other injuries revealed through discovery and/or contained in the medical records and reports.

23. Each of the aforementioned injuries and medical conditions suffered by Plaintiff has caused and will cause for an indefinite time into the future great pain, agony and suffering, both physical and mental, disability.

24. As a result of the aforementioned incident and resulting injuries, Plaintiff has been and will forever in the future be forced to expend various and substantial sums of money for medicine and medical attention in the treatment of her injuries, all to her great financial loss and detriment.

25. As a result of the aforementioned incident and resulting injuries, Plaintiff has suffered severe and permanent personal injuries and damages for which she is entitled to the full extent of compensation for such injuries and damages provided by law.

26. As a result of the aforementioned incident and resulting injuries, Plaintiff has been and will continue to be unable to go about her daily occupations and routines for an undetermined amount of time into the future.

27. As a result of the aforementioned incident and resulting injuries, Plaintiff has and will incur financial expenses for losses which do or may exceed amounts which she may be otherwise entitled to recover.

28. As a result of the aforementioned incident and resulting injuries, Plaintiff has suffered physical pain and suffering, mental anguish, humiliation, emotional distress, discomfort, disfigurement, inconvenience and loss of ability to perform and enjoy the activities and pleasures of life, including household services and activities of daily living, all of which will be permanent in nature and will continue indefinitely into the future.

29. As a result of the aforementioned incident and resulting injuries, Plaintiff has sustained a past, present and future loss of earnings as well as a loss of her past, present and future earning capacity.

30. As a result of the aforementioned incident and resulting injuries, Plaintiff has experienced the following damages, losses and disabilities, consisting of, but not limited to, the following:

a. past, present and future pain and suffering;

b. past, present and future emotional distress and mental anguish;

c. past, present and future medical expenses;

d. past, present and future disfigurement and scarring;

e. past, present and future loss of life's pleasures;

f. past, present and future loss of earnings and earning capacity.

31. Each of the aforementioned injuries and resulting damages is the direct and proximate result of the negligence and carelessness of Defendants as described more fully below.

32. At all times pertinent hereto, Plaintiff exercised due care and in no way contributed to the happening of this incident.

33. At all times material and relevant hereto, Plaintiff acted in a careful, cautious and prudent manner and was free from any comparative negligence.

34. The aforesaid incident resulted solely from the negligence, carelessness, and/or other tortious misconduct of the Defendants, individually and/or jointly and/or by and through the negligence, carelessness, and/or other tortious misconduct of their agents, servants, workmen, and/or employees, for which the Defendants are vicariously liable pursuant to the doctrine of respondeat superior and by their own acts alleged herein, and was due in no manner whatsoever to any act or failure to act on the part of Plaintiff.

35. Plaintiff is entitled to recover the full extent of damages allowed by law, including money

damages, from Defendants for the injuries and damages she sustained on March 9, 2015 as described herein.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants, jointly and severally, for an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars in addition to interest, costs, delay damages and any such other relief as this Honorable Court deems just and proper.

## COUNT I

## TERESA ROBINSON v. COVE HAVEN PROPCO, LLC d/b/a COVE HAVEN ENTERTAINMENT RESORT

36. Plaintiff hereby incorporates by reference thereto the facts and allegations set forth in Paragraphs 1 through 35 of this Complaint, as if the same were more fully set forth at length and verbatim herein.

37. At all times material hereto, Defendant Coven Haven Propco, LLC, owned, maintained, controlled, operated and supervised all employees and owners, including Defendants herein, and safety matters as they related to their guests and business invitees.

38. At all times pertinent hereto, Defendant Coven Haven Propco, LLC, acted individually and/or through its agents, servants, workers and employees for whom Defendants are, at all times material, vicariously liable.

39. At all times pertinent hereto, Defendant, Coven Haven Propco, LLC, was responsible for the training, supervision and oversight of their agents, servants, workers and employees, including those agents, servants, workers and employees who were involved in and engaged in the use, supervision, control and operation and/or maintenance or repair of the walkways and/or sidewalks upon the premises.

40. At all times pertinent hereto, Defendant, Coven Haven Propco, LLC, was responsible to

ensure that their agents, servants, workers and employees who were involved in the use, supervision, control, maintenance, snow and ice removal, and/or repair of the walkways and sidewalks upon the premises were fully trained and fully experienced in the safe and proper use, supervision, control, maintenance and/or repair of walkways and/or sidewalks so that guests and business invitees could use such walkways safely.

41. The aforementioned incident and the resulting injuries and damages sustained by Plaintiff on or about March 9, 2015, were caused directly and/or proximately by the negligence, carelessness, unlawfulness and other tortious conduct of the Defendant, Coven Haven Propco, LLC, individually and/or through its agents, servants, workers and employees which including, but was not limited to the following:

a. Failure to regard the rights, safety and position of Plaintiff in and about the area of the aforementioned fall;
b. Allowing an unsafe condition to exist on or about the said premises where the Defendants knew or should have known that persons would be ambulating;
c. Allowing the walkways and/or sidewalks at the aforementioned property to become and/or remain in a defective and/or dangerous, and icy condition where the Defendants knew or should have known that business invitees would be ambulating;
d. Failure to issue any warning, verbal or written, actual and/or constructive, to persons lawfully on the premises, including business invitees and/or licensees, of the hazardous and dangerous and icy conditions which existed in and about the area of Plaintiff's aforementioned fall;
e. Permitting and allowing business invitees and/or licensees to walk in and about the area of Plaintiff's aforementioned accident when the Defendant knew or should have known of the dangerous condition which existed;

f. Failure to post adequate warning signs, barriers and/or barricades in an effort to alert persons of the dangerous conditions which existed;

g. Failure to inspect, repair, clean and/or maintain walkways and/or sidewalks and the area of the aforementioned fall in a condition which would protect and safeguard persons lawfully on the premises;

h. Failure to construct, build, revamp and/or prepare said walkway and/or sidewalk in a condition which would protect and safeguard persons lawfully on the premises;

i. Permitting the said walkway and/or sidewalk to become and remain dangerous as to constitute a menace, danger, nuisance, snare and trap for persons lawfully on the premises, where the Defendants knew or should have known that business invitees would be ambulating;

j. Failure to have said walkway and/or sidewalk cleaned, maintained, inspected, serviced, brought in accordance with statutory or code obligations and/or repaired or treated at reasonable intervals and in a reasonable and prudent manner in order to determine the conditions of said property;

k. Failure to have said walkway and/or sidewalk and the area in and about Plaintiffs fall inspected at reasonable intervals in order to determine the conditions in and about said area;

l. Failure to exercise due care under the circumstances;

m. Failing to remove the defects on said premises;

n. Failing to maintain said walkway and the area surrounding Plaintiffs fall so as to allow the existence of the dangerous and/or defective condition of same;

o. Failing to remedy the dangerous and/or defective ramp walkway and the area surrounding Plaintiffs fall;

p. Failing to provide a safe walkway for pedestrian travel and ingress and egress to and from the subject premises;

q. Permitting the existence of a dangerous and/or defective condition to remain upon the premises for an unreasonable period of time;

r. Other carelessness and negligence as a matter of law; and

s. Negligence and/or other tortious conduct as a matter of law.

42. This Defendant's negligence, carelessness, and unlawfulness and/or other tortious conduct also consisted of, but was not limited to the following:

a. Hiring, employing and/or promoting the various agents, servants, workmen and/or employees who had the responsibility and obligation to properly inspect, maintain, clean, service and/or repair the area of the aforementioned incident;

b. Permitting the various agents, servants, workmen and/or employees who had the responsibility and obligation to inspect, service, maintain, clean and/or repair the area of the aforementioned incident to continue to work as agents, servants, workmen and/or employees, when said Defendant knew or should have known that said agents, servants, workmen, and or employees were unable to and/or incapable of properly performing the requirements of their respective employment;

c. Failing to establish procedures and programs to determine whether employees and/or potential employees were and/or are fit and capable of performing the requirements of their respective employment with regard to the area of the aforementioned incident; and

d. Otherwise were negligent, careless and tortious under the circumstances, in hiring, employing and/or promoting the various agents, servants, workmen and/or

employees who were responsible and obligated to properly inspect, maintain, service, repair, construct and/or clean the area of the aforementioned incident.

43. As a direct and proximate result of the above described negligence and/or carelessness of the Defendant, Coven Haven Propco, LLC, Plaintiff has suffered injuries to her body, including, but not limited to, her head, neck, trunk, knees with torn menisci, right ankle with ligament tears, extremities, and other various physical and psychological and/or emotional ills as set forth above. Some or all of Plaintiffs injuries are or may be serious, severe and permanent. Plaintiff suffered serious, permanent and disabling injuries as more fully outlined in the preceding paragraphs, which said averments are incorporated herein.

44. As a further direct and proximate result of the aforesaid negligence and/or carelessness of Defendant Coven Haven Propco, LLC, and the resulting injuries and/or damages sustained by Plaintiff, she has incurred and may and probably will for an indefinite time in the future, continue to incur various expenses for medicines, medical aids, medical care and/or similar medical and/or medically related instrumentalities and modalities, in and about an effort to cure herself of said injuries, which expenses or losses do or may exceed amounts that she may otherwise be entitled to recover including, but not limited to, all medical expenses resulting from the aforesaid incident.

45. As a further direct and proximate result of the above described negligence, carelessness and/or recklessness of the Defendant, Coven Haven Propco, LLC, and the resulting injuries and/or damages sustained by Plaintiff, she has been and probably will in the future, continue to be deprived of the ordinary pleasures of life, including, but not limited to, being prevented from attending to her usual activities, duties, occupations, leisure pursuits and advocation and she has suffered and/or continues to suffer and/or may in the future continue to suffer severe loss of earnings and her earning capacity or power has been and/or may be diminished or lessened, all to her great detriment and loss.

46. As a further direct and proximate result of the abovedescribed negligence, carelessness and/or

recklessness of the Defendant, Coven Haven Propco, LLC, Plaintiff has suffered and/or suffers and/or continues to suffer severe physical pain, mental anguish, emotional distress, pain, suffering, cosmetic disfigurement, inconvenience and/or humiliation and she may continue to suffer same for an indefinite time in the future.

47. As a further direct and proximate result of the Defendant, Coven Haven Propco, LLC's, negligence and the resulting injuries and/or damages sustained by Plaintiff, she has or may hereafter incur other financial losses or expenses which do or may exceed amounts which she may otherwise be entitled to recover, all to her great detriment and loss.

**WHEREFORE**, Plaintiff, Teresa Robinson, demands judgment against Defendants, jointly and severally, and upon this Count, against Defendant Coven Haven Propco, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus costs, interest, damages for delay, attorneys' fees and such other relief as this Honorable Court deems just and proper.

**COUNT II**

**TERESA ROBINSON v. ROCKPOINT GROUP, LLC**

48. Plaintiff hereby incorporates by reference thereto the facts and allegations set forth in Paragraphs 1 through 47 of this Complaint, as if the same were more fully set forth at length and verbatim herein.

49. At all times material hereto, Defendant Rockpoint Group, LLC, owned, maintained, controlled, operated and supervised all employees and owners, including Defendants herein, and safety matters as they related to their guests and business invitees.

50. At all times pertinent hereto, Defendant Rockpoint Group, LLC, acted individually and/or through its agents, servants, workers and employees for whom Defendants are, at all times material, vicariously liable.

51. At all times pertinent hereto, Defendant, Rockpoint Group, LLC, was responsible for

the training, supervision and oversight of their agents, servants, workers and employees, including those agents, servants, workers and employees who were involved in and engaged in the use, supervision, control and operation and/or maintenance or repair of the walkways and/or sidewalks upon the premises..

52. At all times pertinent hereto, Defendant, Rockpoint Group, LLC, was responsible to ensure that their agents, servants, workers and employees who were involved in the use, supervision, control, maintenance, snow and ice removal, and/or repair of the walkways and sidewalks upon the premises were fully trained and fully experienced in the safe and proper use, supervision, control, maintenance and/or repair of walkways and/or sidewalks so that guests and business invitees could use such walkways safely.

53. The aforementioned incident and the resulting injuries and damages sustained by Plaintiff on or about March 9, 2015, were caused directly and/or proximately by the negligence, carelessness, unlawfulness and other tortious conduct of the Defendant, Rockpoint Group, LLC, individually and/or through its agents, servants, workers and employees which included, but was not limited to the following:

a. Failure to regard the rights, safety and position of Plaintiff in and about the area of the aforementioned fall;

b. Allowing an unsafe condition to exist on or about the said premises where the Defendants knew or should have known that persons would be ambulating;

c. Allowing the walkways and/or sidewalks at the aforementioned property to become and/or remain in a defective and/or dangerous, and icy condition where the Defendants knew or should have known that business invitees would be ambulating;

d. Failure to issue any warning, verbal or written, actual and/or constructive, to persons lawfully on the premises, including business invitees and/or licensees, of the hazardous and

dangerous and icy conditions which existed in and about the area of Plaintiff's aforementioned fall;

e. Permitting and allowing business invitees and/or licensees to walk in and about the area of Plaintiff's aforementioned accident when the Defendant knew or should have known of the dangerous condition which existed;

f. Failure to post adequate warning signs, barriers and/or barricades in an effort to alert persons of the dangerous conditions which existed;

g. Failure to inspect, repair, clean and/or maintain walkways and/or sidewalks and the area of the aforementioned fall in a condition which would protect and safeguard persons lawfully on the premises;

h. Failure to construct, build, revamp and/or prepare said walkway and/or sidewalk in a condition which would protect and safeguard persons lawfully on the premises;

i. Permitting the said walkway and/or sidewalk to become and remain dangerous as to constitute a menace, danger, nuisance, snare and trap for persons lawfully on the premises, where the Defendants knew or should have known that business invitees would be ambulating;

j. Failure to have said walkway and/or sidewalk cleaned, maintained, inspected, serviced, brought in accordance with statutory or code obligations and/or repaired or treated at reasonable intervals and in a reasonable and prudent manner in order to determine the conditions of said property;

k. Failure to have said walkway and/or sidewalk and the area in and about Plaintiff's fall inspected at reasonable intervals in order to determine the conditions in and about said area;

l. Failure to exercise due care under the circumstances;

m. Failing to remove the defects on said premises;

n. Failing to maintain said walkway and the area surrounding Plaintiff's fall so as to allow the existence of the dangerous and/or defective condition of same;

o. Failing to remedy the dangerous and/or defective walkway and the area surrounding Plaintiff's fall;

p. Failing to provide a safe walkway for pedestrian travel and ingress and egress to and from the subject premises;

q. Permitting the existence of a dangerous and/or defective condition to remain upon the premises for an unreasonable period of time;

r. Other carelessness and negligence as a matter of law; and

s. Negligence and/or other tortious conduct as a matter of law.

54. This Defendant's negligence, carelessness, and unlawfulness and/or other tortious conduct also consisted of, but was not limited to the following:

a. Hiring, employing and/or promoting the various agents, servants, workmen and/or employees who had the responsibility and obligation to properly inspect, maintain, clean, service and/or repair the area of the aforementioned incident;

b. Permitting the various agents, servants, workmen and/or employees who had the responsibility and obligation to inspect, service, maintain, clean and/or repair the area of the aforementioned incident to continue to work as agents, servants, workmen and/or employees, when said Defendant knew or should have known that said agents, servants, workmen, and or employees were unable to and/or incapable of properly performing the requirements of their respective employment;

c. Failing to establish procedures and programs to determine whether employees and/or potential employees were and/or are fit and capable of performing the requirements of their respective employment with regard to the area of the aforementioned incident; and

d. Otherwise were negligent, careless and tortious under the circumstances, in hiring, employing and/or promoting the various agents, servants, workmen and/or employees who were responsible and obligated to properly inspect, maintain, service, repair, construct and/or clean the area of the aforementioned incident.

55. As a direct and proximate result of the above described negligence and/or carelessness of the Defendant, Rockpoint Group, LLC, Plaintiff has suffered injuries to her body, including, but not limited to, her head, neck, trunk, knees with torn menisci, right ankle with ligament tears, extremities, and other various physical and psychological and/or emotional ills as set forth above. Some or all of Plaintiffs injuries are or may be serious, severe and permanent. Plaintiff suffered serious, permanent and disabling injuries as more fully outlined in the preceding paragraphs, which said averments are incorporated herein.

56. As a further direct and proximate result of the aforesaid negligence and/or carelessness of Defendant Rockpoint Group, LLC, and the resulting injuries and/or damages sustained by Plaintiff, she has incurred and may and probably will for an indefinite time in the future, continue to incur various expenses for medicines, medical aids, medical care and/or similar medical and/or medically related instrumentalities and modalities, in and about an effort to cure herself of said injuries, which expenses or losses do or may exceed amounts that she may otherwise be entitled to recover including, but not limited to, all medical expenses resulting from the aforesaid incident.

57. As a further direct and proximate result of the above described negligence, carelessness and/or recklessness of the Defendant, Rockpoint Group, LLC, and the resulting injuries and/or damages sustained by Plaintiff, she has been and probably will in the future, continue to be deprived of the ordinary pleasures of life, including, but not limited to, being prevented from attending to her usual activities, duties, occupations, leisure pursuits and advocation and she has suffered and/or continues to

suffer and/or may in the future continue to suffer severe loss of earnings and her earning capacity or power has been and/or may be diminished or lessened, all to her great detriment and loss.

58. As a further direct and proximate result of the abovedescribed negligence, carelessness and/or recklessness of the Defendant, Rockpoint Group, LLC, Plaintiff has suffered and/or suffers and/or continues to suffer severe physical pain, mental anguish, emotional distress, pain, suffering, cosmetic disfigurement, inconvenience and/or humiliation and she may continue to suffer same for an indefinite time in the future.

59. As a further direct and proximate result of the Defendant, Coven Haven Propco, LLC's, negligence and the resulting injuries and/or damages sustained by Plaintiff, she has or may hereafter incur other financial losses or expenses which do or may exceed amounts which she may otherwise be entitled to recover, all to her great detriment and loss.

**WHEREFORE**, Plaintiff, Teresa Robinson, demands judgment against Defendants, jointly and severally, and upon this Count, against Defendant Coven Haven Propco, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus costs, interest, damages for delay, attorneys' fees and such other relief as this Honorable Court deems just and proper.

**COUNT III**

**TERESA ROBINSON v. COVE HAVEN, INC.**

60. Plaintiff hereby incorporates by reference thereto the facts and allegations set forth in Paragraphs 1 through 59 of this Complaint, as if the same were more fully set forth at length and verbatim herein.

61. At all times material hereto, Defendant Cove Haven, Inc., owned, maintained, controlled, operated and supervised all employees and owners, including Defendants herein, and safety matters as they related to their guests and business invitees.

62. At all times pertinent hereto, Defendant Cove Haven, Inc., acted individually and/or through its

agents, servants, workers and employees for whom Defendants are, at all times material, vicariously liable.

63. At all times pertinent hereto, Defendant, Cove Haven, Inc., was responsible for the training, supervision and oversight of their agents, servants, workers and employees, including those agents, servants, workers and employees who were involved in and engaged in the use, supervision, control and operation and/or maintenance or repair of the walkways and/or sidewalks upon the premises..

64. At all times pertinent hereto, Defendant, Cove Haven, Inc., was responsible to ensure that their agents, servants, workers and employees who were involved in the use, supervision, control, maintenance, snow and ice removal, and/or repair of the walkways and sidewalks upon the premises were fully trained and fully experienced in the safe and proper use, supervision, control, maintenance and/or repair of walkways and/or sidewalks so that guests and business invitees could use such walkways safely.

65. The aforementioned incident and the resulting injuries and damages sustained by Plaintiff on or about March 9, 2015, were caused directly and/or proximately by the negligence, carelessness, unlawfulness and other tortious conduct of the Defendant, Cove Haven, Inc., individually and/or through its agents, servants, workers and employees which included, but was not limited to the following:

a. Failure to regard the rights, safety and position of Plaintiff in and about the area of the aforementioned fall;

b. Allowing an unsafe condition to exist on or about the said premises where the Defendants knew or should have known that persons would be ambulating;

c. Allowing the walkways and/or sidewalks at the aforementioned property to become and/or remain in a defective and/or dangerous, and icy condition where the Defendants knew or should have known that business invitees would be ambulating;

d. Failure to issue any warning, verbal or written, actual and/or constructive, to persons lawfully on the premises, including business invitees and/or licensees, of the hazardous and dangerous and icy conditions which existed in and about the area of Plaintiffs aforementioned fall;

e. Permitting and allowing business invitees and/or licensees to walk in and about the area of Plaintiffs aforementioned accident when the Defendant knew or should have known of the dangerous condition which existed;

f. Failure to post adequate warning signs, barriers and/or barricades in an effort to alert persons of the dangerous conditions which existed;

g. Failure to inspect, repair, clean and/or maintain walkways and/or sidewalks and the area of the aforementioned fall in a condition which would protect and safeguard persons lawfully on the premises;

h. Failure to construct, build, revamp and/or prepare said walkway and/or sidewalk in a condition which would protect and safeguard persons lawfully on the premises;

i. Permitting the said walkway and/or sidewalk to become and remain dangerous as to constitute a menace, danger, nuisance, snare and trap for persons lawfully on the premises, where the Defendants knew or should have known that business invitees would be ambulating;

j. Failure to have said walkway and/or sidewalk cleaned, maintained, inspected, serviced, brought in accordance with statutory or code obligations and/or repaired or treated at reasonable intervals and in a reasonable and prudent manner in order to determine the conditions of said property;

k. Failure to have said walkway and/or sidewalk and the area in and about Plaintiffs fall inspected at reasonable intervals in order to determine the conditions in and about said area;

l. Failure to exercise due care under the circumstances;

m. Failing to remove the defects on said premises;

n. Failing to maintain said walkway and the area surrounding Plaintiff's fall so as to allow the existence of the dangerous and/or defective condition of same;

o. Failing to remedy the dangerous and/or defective walkway and the area surrounding Plaintiff's fall;

p. Failing to provide a safe walkway for pedestrian travel and ingress and egress to and from the subject premises;

q. Permitting the existence of a dangerous and/or defective condition to remain upon the premises for an unreasonable period of time;

r. Other carelessness and negligence as a matter of law; and

s. Negligence and/or other tortious conduct as a matter of law.

66. This Defendant's negligence, carelessness, and unlawfulness and/or other tortious conduct also consisted of, but was not limited to the following:

a. Hiring, employing and/or promoting the various agents, servants, workmen and/or employees who had the responsibility and obligation to properly inspect, maintain, clean, service and/or repair the area of the aforementioned incident;

b. Permitting the various agents, servants, workmen and/or employees who had the responsibility and obligation to inspect, service, maintain, clean and/or repair the area of the aforementioned incident to continue to work as agents, servants, workmen and/or employees, when said Defendant knew or should have known that said agents, servants, workmen, and or employees were unable to and/or incapable of properly performing the requirements of their respective employment;

c. Failing to establish procedures and programs to determine whether employees and/or potential employees were and/or are fit and capable of performing the requirements of their respective employment with regard to the area of the aforementioned incident; and

d. Otherwise were negligent, careless and tortious under the circumstances, in hiring, employing and/or promoting the various agents, servants, workmen and/or employees who were responsible and obligated to properly inspect, maintain, service, repair, construct and/or clean the area of the aforementioned incident

67. As a direct and proximate result of the above described negligence and/or carelessness of the Defendant, Cove Haven, Inc., Plaintiff has suffered injuries to her body, including, but not limited to, her head, neck, trunk, knees with torn menisci, right ankle with ligament tears, extremities, and other various physical and psychological and/or emotional ills as set forth above. Some or all of Plaintiff's injuries are or may be serious, severe and permanent. Plaintiff suffered serious, permanent and disabling injuries as more fully outlined in the preceding paragraphs, which said averments are incorporated herein.

68. As a further direct and proximate result of the aforesaid negligence and/or carelessness of Defendant Cove Haven, Inc., and the resulting injuries and/or damages sustained by Plaintiff, she has incurred and may and probably will for an indefinite time in the future, continue to incur various expenses for medicines, medical aids, medical care and/or similar medical and/or medically related instrumentalities and modalities, in and about an effort to cure herself of said injuries, which expenses or losses do or may exceed amounts that she may otherwise be entitled to recover including, but not limited to, all medical expenses resulting from the aforesaid incident.

69. As a further direct and proximate result of the above described negligence, carelessness and/or recklessness of the Defendant, Cove Haven, Inc., and the resulting injuries and/or damages sustained by Plaintiff, she has been and probably will in the future, continue to be deprived of the ordinary

pleasures of life, including, but not limited to, being prevented from attending to her usual activities, duties, occupations, leisure pursuits and advocation and she has suffered and/or continues to suffer and/or may in the future continue to suffer severe loss of earnings and her earning capacity or power has been and/or may be diminished or lessened, all to her great detriment and loss.

70. As a further direct and proximate result of the abovedescribed negligence, carelessness and/or recklessness of the Defendant, Cove Haven, Inc., Plaintiff has suffered and/or suffers and/or continues to suffer severe physical pain, mental anguish, emotional distress, pain, suffering, cosmetic disfigurement, inconvenience and/or humiliation and she may continue to suffer same for an indefinite time in the future.

71. As a further direct and proximate result of the Defendant, Coven Haven Propco, LLC's, negligence and the resulting injuries and/or damages sustained by Plaintiff, she has or may hereafter incur other financial losses or expenses which do or may exceed amounts which she may otherwise be entitled to recover, all to her great detriment and loss.

**WHEREFORE**, Plaintiff, Teresa Robinson, demands judgment against Defendants, jointly and severally, and upon this Count, against Defendant Coven Haven Propco, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus costs, interest, damages for delay, attorneys' fees and such other relief as this Honorable Court deems just and proper.

**COUNT IV**

**TERESA ROBINSON v. CAESAR'S WORLD, INC.,**

72. Plaintiff hereby incorporates by reference thereto the facts and allegations set forth in Paragraphs 1 through 71 of this Complaint, as if the same were more fully set forth at length and verbatim herein.

73. At all times material hereto, Defendant Caesar's World, Inc., owned, maintained, controlled,

operated and supervised all employees and owners, including Defendants herein, and safety matters as they related to their guests and business invitees.

74. At all times pertinent hereto, Defendant Caesar's World, Inc., acted individually and/or through its agents, servants, workers and employees for whom Defendants are, at all times material, vicariously liable.

75. At all times pertinent hereto, Defendant, Caesar's World, Inc., was responsible for the training, supervision and oversight of their agents, servants, workers and employees, including those agents, servants, workers and employees who were involved in and engaged in the use, supervision, control and operation and/or maintenance or repair of the walkways and/or sidewalks upon the premises..

76. At all times pertinent hereto, Defendant, Caesar's World, Inc., was responsible to ensure that their agents, servants, workers and employees who were involved in the use, supervision, control, maintenance, snow and ice removal, and/or repair of the walkways and sidewalks upon the premises were fully trained and fully experienced in the safe and proper use, supervision, control, maintenance and/or repair of walkways and/or sidewalks so that guests and business invitees could use such walkways safely.

77. The aforementioned incident and the resulting injuries and damages sustained by Plaintiff on or about March 9, 2015, were caused directly and/or proximately by the negligence, carelessness, unlawfulness and other tortious conduct of the Defendant, Caesar's World, Inc., individually and/or through its agents, servants, workers and employees which included, but was not limited to the following:

a. Failure to regard the rights, safety and position of Plaintiff in and about the area of the aforementioned fall;

b. Allowing an unsafe condition to exist on or about the said premises where the Defendants knew or should have known that persons would be ambulating;

c. Allowing the walkways and/or sidewalks at the aforementioned property to become and/or remain in a defective and/or dangerous, and icy condition where the Defendants knew or should have known that business invitees would be ambulating;

d. Failure to issue any warning, verbal or written, actual and/or constructive, to persons lawfully on the premises, including business invitees and/or licensees, of the hazardous and dangerous and icy conditions which existed in and about the area of Plaintiff's aforementioned fall;

e. Permitting and allowing business invitees and/or licensees to walk in and about the area of Plaintiff's aforementioned accident when the Defendant knew or should have known of the dangerous condition which existed;

f. Failure to post adequate warning signs, barriers and/or barricades in an effort to alert persons of the dangerous conditions which existed;

g. Failure to inspect, repair, clean and/or maintain walkways and/or sidewalks and the area of the aforementioned fall in a condition which would protect and safeguard persons lawfully on the premises;

h. Failure to construct, build, revamp and/or prepare said walkway and/or sidewalk in a condition which would protect and safeguard persons lawfully on the premises;

i. Permitting the said walkway and/or sidewalk to become and remain dangerous as to constitute a menace, danger, nuisance, snare and trap for persons lawfully on the premises, where the Defendants knew or should have known that business invitees would be ambulating;

j. Failure to have said walkway and/or sidewalk cleaned, maintained, inspected, serviced, brought in accordance with statutory or code obligations and/or repaired or treated at

reasonable intervals and in a reasonable and prudent manner in order to determine the conditions of said property;

k. Failure to have said walkway and/or sidewalk and the area in and about Plaintiff's fall inspected at reasonable intervals in order to determine the conditions in and about said area;

l. Failure to exercise due care under the circumstances;

m. Failing to remove the defects on said premises;

n. Failing to maintain said walkway and the area surrounding Plaintiff's fall so as to allow the existence of the dangerous and/or defective condition of same;

o. Failing to remedy the dangerous and/or defective walkway and the area surrounding Plaintiff's fall;

p. Failing to provide a safe walkway for pedestrian travel and ingress and egress to and from the subject premises;

q. Permitting the existence of a dangerous and/or defective condition to remain upon the premises for an unreasonable period of time;

r. Other carelessness and negligence as a matter of law; and

s. Negligence and/or other tortious conduct as a matter of law.

78. This Defendant's negligence, carelessness, and unlawfulness and/or other tortious conduct also consisted of, but was not limited to the following:

a. Hiring, employing and/or promoting the various agents, servants, workmen and/or employees who had the responsibility and obligation to properly inspect, maintain, clean, service and/or repair the area of the aforementioned incident;

b. Permitting the various agents, servants, workmen and/or employees who had the responsibility and obligation to inspect, service, maintain, clean and/or repair the area of the aforementioned incident to continue to work as agents, servants, workmen and/or

employees, when said Defendant knew or should have known that said agents, servants, workmen, and or employees were unable to and/or incapable of properly performing the requirements of their respective employment;

c. Failing to establish procedures and programs to determine whether employees and/or potential employees were and/or are fit and capable of performing the requirements of their respective employment with regard to the area of the aforementioned incident; and

d. Otherwise were negligent, careless and tortious under the circumstances, in hiring, employing and/or promoting the various agents, servants, workmen and/or employees who were responsible and obligated to properly inspect, maintain, service, repair, construct and/or clean the area of the aforementioned incident

79. As a direct and proximate result of the above described negligence and/or carelessness of the Defendant, Caesar's World, Inc., Plaintiff has suffered injuries to her body including, but not limited to, her head, neck, trunk, knees with torn menisci, right ankle with ligament tears, extremities, and other various physical and psychological and/or emotional ills as set forth above. Some or all of Plaintiff's injuries are or may be serious, severe and permanent. Plaintiff suffered serious, permanent and disabling injuries as more fully outlined in the preceding paragraphs, which said averments are incorporated herein.

80. As a further direct and proximate result of the aforesaid negligence and/or carelessness of Defendant Caesar's World, Inc., and the resulting injuries and/or damages sustained by Plaintiff, she has incurred and may and probably will for an indefinite time in the future, continue to incur various expenses for medicines, medical aids, medical care and/or similar medical and/or medically related instrumentalities and modalities, in and about an effort to cure herself of said injuries, which expenses or losses do or may exceed amounts that she may otherwise be entitled to recover including, but not limited to, all medical expenses resulting from the aforesaid incident.

81. As a further direct and proximate result of the above described negligence, carelessness and/or recklessness of the Defendant, Caesar's World, Inc., and the resulting injuries and/or damages sustained by Plaintiff, she has been and probably will in the future, continue to be deprived of the ordinary pleasures of life, including, but not limited to, being prevented from attending to her usual activities, duties, occupations, leisure pursuits and advocation and she has suffered and/or continues to suffer and/or may in the future continue to suffer severe loss of earnings and her earning capacity or power has been and/or may be diminished or lessened, all to her great detriment and loss.

82. As a further direct and proximate result of the abovedescribed negligence, carelessness and/or recklessness of the Defendant, Caesar's World, Inc., Plaintiff has suffered and/or suffers and/or continues to suffer severe physical pain, mental anguish, emotional distress, pain, suffering, cosmetic disfigurement, inconvenience and/or humiliation and she may continue to suffer same for an indefinite time in the future.

83. As a further direct and proximate result of the Defendant, Caesar's World, Inc.'s, negligence and the resulting injuries and/or damages sustained by Plaintiff, she has or may hereafter incur other financial losses or expenses which do or may exceed amounts which she may otherwise be entitled to recover, all to her great detriment and loss.

**WHEREFORE**, Plaintiff, Teresa Robinson, demands judgment against Defendants, jointly and severally, and upon this Count, against Defendant Caesar's World, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus costs, interest, damages for delay, attorneys' fees and such other relief as this Honorable Court deems just and proper.

**Respectfully Submitted,**

**LOWENTHAL & ABRAMS, P.C.**

By: ______________________________

Michael W. Landis, Esquire
Attorney I.D. No. PA 90525
555 City Line Avenue, Suite 500
Bala Cynwyd, PA 19004
Tel: (610) 667-7511
Fax: (610) 667-3440
Landis381@yahoo.com
Attorney for Plaintiffs

Michael W. Landis, Esquire
Attorney I.D. No. 90525
555 City Line Avenue, Suite 500
Bala Cynwyd, PA 19004
Tel: (610) 667-7511
Fax: (610) 667-3440
Attorney for Plaintiffs

**VERIFICATION**

I, TERESA ROBINSON, hereby verify that I am the Plaintiff in the within action; that the statements made in the foregoing Complaint are true and correct to best of my knowledge, information and belief; and that this Verification is made subject to the penalties of 18 Pa. Cons. Stat. Ann. § 4904, relating to unsworn falsification to authorities.

Teresa Robinson

Sworn to before me this 6th day of October, 2016

DIANE SERVELLO
Notary Public, State of New York
No. 01SE4946724
Qualified in Westchester County
Commission Expires 2/06/2019