**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TERESA ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>COVE HAVEN PROPCO, LLC, ET AL.,<br><br>Defendants. | CIVIL ACTION NO. 3:16-CV-2072<br><br>(JUDGE CAPUTO) |

**ORDER**

1. This case has been referred to court-annexed mediation in accordance with Standing Order 04-3, *In Re Authorizing Systematic Random Mandatory Mediation Referrals in Certain Case Types*, (July 26, 2004).

2. The following individual is appointed to serve as a mediator in this action:

RAYMOND E. GINN, JR.
GINN & VICKERY, P.C.
99 MAIN STREET
WELLSBORO, PA 16901
570.724.6600

3. The mediation conference shall be scheduled by the mediator after conferring with counsel for the parties and shall take place within sixty (60) days of the date of this Order.

4. The mediation conference shall be conducted in accordance with Rule 16.8.6 of the Rules of the Middle District of Pennsylvania.

5. In accordance with Rule 16.8.3 of the Rules of the Middle District of Pennsylvania, the services of the mediator shall be provided *pro bono*.

6. The Clerk of Court is directed to cause a copy of this Order to be served upon all counsel of record in this matter and to Raymond E. Ginn, Jr., Esquire, Mediator.

7. The Clerk of Court is directed to make the file in this case available to Mr. Ginn.

8. The Mediator shall file the following report at the conclusion of the mediation:

**MEDIATION REPORT**

In accordance with the Court's mediation order, a mediation conference was held on _____________, 20xx and the results of that conference are indicated below:

_______ The case has been completely settled.

_______ No settlement reached.

_______ The parties have reached an impasse. The parties and the mediator agree that a future mediation conference(s) may be beneficial and will engage in additional discussions if appropriate.

Date: ____________

____________________________________
Signature of Mediator

9. Counsel shall have their clients and those with complete authority to negotiate and consummate a settlement in attendance at the mediation conference. The purpose of this requirement is to have the ability to settle the case during the mediation conference without the necessity of consulting someone who is not present.

10. Counsel appearing for the mediation conference without their client and authorized representatives may, in the discretion of the mediator, cause the mediation to be canceled or rescheduled. The non-complying party/attorney, or both, may be assessed costs or expenses incurred by other parties, the mediator and the Court as a result of such cancellation or rescheduling, in addition to sanctions deemed appropriate by the Court. Counsel are responsible for timely advising any involved non-party representatives of the requirements of this Order.

Date: November 21, 2017

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge